1  NOLAN HEIMANN LLP
2  Jordan Susman, Esq. (SBN 246116)
   Jane Davidson, Esq. (SBN 326547)
3  16000 Ventura Boulevard, Suite 1200
   Encino, California 91436
4  Telephone: (818) 574-5710
   E-mail: jsusman@nolanheimann.com
5          jdavidson@nolanheimann.com

6  Attorneys for Plaintiff
   Sideshow, Inc.

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 SIDESHOW, INC., a California        ) Case No.:
   corporation,                        )
12                                     ) **COMPLAINT FOR DAMAGES AND**
              Plaintiff,               ) **INJUNCTIVE RELIEF**
13                                     )
           vs.                         ) **1. FEDERAL TRADEMARK**
14                                     )    **INFRINGEMENT, 15 U.S.C. § 1114**
   TIC MANUFACTURING GROUP,            )
15 LLC, a California limited liability ) **2. FEDERAL UNFAIR**
   company; HIROSHI "CHARLES"          )    **COMPETITION, 15 U.S.C. § 1125(A)**
16 TANGE, an individual, and DOES 1-5, )
                                       ) **4. COMMON LAW TRADEMARK**
17            Defendants.              )    **INFRINGEMENT**
                                       )
18                                     ) **5. UNFAIR COMPETITION, CAL.**
                                       )    **BUS. & PROF. CODE § 17200**
19                                     )
                                       )
20                                     ) **DEMAND FOR JURY TRIAL**
                                       )
21                                     )
                                       )
22                                     )
                                       )
23                                     )

24

25

26

27

28

1
COMPLAINT

Plaintiff Sideshow, Inc., by and through its undersigned attorneys, alleges upon knowledge as to itself and its own acts and alleges upon information and belief as to all other matters, brings this Complaint.

## PARTIES

1. Plaintiff Sideshow, Inc. ("Sideshow"), is a California corporation organized and existing under the laws of California, with its principal place of business in Ventura County, California.

2. Defendant TIC Manufacturing Group, LLC ("TIC") is a suspended California limited liability company that has a principal place of business in Los Angeles County, California.

3. Defendant Hiroshi "Charles" Tange ("Tange") is an individual doing business as TIC Manufacturing Group who resides in San Bernardino County, California.

4. Sideshow is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 5, and therefore sues these Defendants by such fictitious names. Sideshow will amend this Complaint to allege their names and capacities when ascertained. Each such fictitiously named Defendant is responsible in some manner for the damages alleged herein and Sideshow's losses and damages were proximately caused by such conduct.

5. At all times relevant herein, each of the Defendants was the agent, representative, and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such relationship and each of the Defendants approved and ratified the conduct of each of the remaining Defendants.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This is a civil action arising under federal law, the Lanham Act of 1946 as amended (codified at 15 U.S.C. §§ 1051, *et seq*.). The pendent state law claims are so related to the federal claims that they form part of the same case or controversy pursuant

to Article III of the United States Constitution. The Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b) because: (1) Defendants' tortious conduct has occurred in this district; (2) Defendants conduct regular and systematic business in this district; and/or (3) a substantial part of the events or omissions giving rise to the claim occurred in this district.

## STATEMENT OF FACTS

### Sideshow's Business and Trademark

8. Sideshow is an American specialty manufacturer of movie, film, television and collectible action figures, life-size statues, and high-end pieces.

9. Sideshow's products can sell for thousands of dollars and are currently sold in specialty, trend, collectible, and comic shops both domestically and internationally.

10. Sideshow has operated using the trademarks "Sideshow" and "Sideshow Collectibles" since November 30, 1998, and registered the trademarks with the United States Patent and Trademark Office in April 2017 (Serial No. 87188578) and April 2007 (Serial No. 78445670), respectively, for, among other things, busts, statuettes, and collectible toy figures (the "Sideshow Marks").

11. Sideshow's action figures, life-size statues, and high-end pieces are known for their superior quality and craftsmanship. The statue molds are hand-sculpted, and many products include hand-painted finishing details.

### Defendants' Infringing Activities

12. Tange has obtained Sideshow products from the factory that manufactures them. Without authorization from Sideshow, Tange has sold these products to consumers and third-party sellers using the Sideshow Marks.

13. Tange's company, TIC, currently features Sideshow products and Sideshow's logo on its website. *See* **Exhibit 1.**

14. In 2023, Tange approached Linda Irish of LM Treasures ("LM") and told

her that he represents the warehouse that manufactures life-size statues designed by Sideshow.

15. Tange sold LM twenty-nine unauthorized factory sample statues that were virtually identical to Sideshow's statues and were packaged in Sideshow's packaging. *See* **Exhibits 2-12.**

16. On or about May 10, 2023, Tange, via TIC, invoiced LM for the sale of eight Sideshow-designed products for $37,500.

17. On or about June 9, 2023, Tange, via TIC, invoiced LM for the sale of seven Sideshow-designed products for $27,000.

18. On or about August 23, 2023, LM wired $14,000 for three Sideshow-designed products. No invoice was provided for this sale.

19. On or about March 26, 2024, Tange, via TIC, invoiced LM for the sale of eleven Sideshow-designed products for $27,500.

20. Tange, using the seller name "amoeba guerrilla," sold unauthorized Sideshow statues, including exclusive promotional products that were never authorized for resale, through the eBay store "Fantasy-Freaks-Fables." *See* **Exhibits 13-17.**

21. Tange and TIC sold additional unauthorized statues without Sideshow's knowledge or permission to other retailers or directly to customers.

22. Each of these statues are unauthorized products that include both original designs and additional copyright-protected material.

23. Defendants' unauthorized products were sold using the Sideshow Marks to identify them. *See* **Exhibits 2-17**.

24. To illustrate their unauthorized products, Defendants have used Sideshow's product photos (which also depict the Sideshow Marks). *See* **Exhibits 2-12**.

25. Defendants' use of Sideshow Marks and Sideshow's product photos was without permission or consent.

26. Defendants use the Sideshow Marks to identify their unauthorized products in order to exploit and trade on the longstanding goodwill, reputation, and success of

1  Sideshow's products and to create consumer confusion in the marketplace.

2  27.  Defendants' unauthorized products are offered for sale and sold in packaging that bears Sideshow's Marks and trade dress in order to confuse consumers into believing that the unauthorized products are authorized. Consequently, unsuspecting consumers purchase unauthorized products from Defendants rather than authorized products from Sideshow or authorized distributers.

28.  Defendants have actual knowledge of the Sideshow Marks and know that they are used by Sideshow to identify busts, statues, and figurines.

29.  Accordingly, Defendants' trademark infringement is willful.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement, 15 U.S.C. § 1114)**

30.  Sideshow refers to the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

31.  Sideshow exclusively owns the federally registered Sideshow Marks identified in paragraph 10, which are valid and enforceable.

32.  Sideshow has used the Sideshow Marks in interstate commerce in connection with busts, statues, and figurines.

33.  Without authorization or permission, Defendants have used in commerce and continue to use in commerce the Sideshow Marks.

34.  Defendants' unauthorized use of the Sideshow Marks has caused, and will continue to cause, confusion, mistake, or deception in the relevant consumer market.

35.  Defendants' unauthorized use of the Sideshow Marks constitutes infringement of a federally registered trademark in violation of 15 U.S.C. § 1114.

36.  Defendants' acts of infringement constitute willful and intentional infringement of the Sideshow Marks, and Defendants did so with the intent to trade upon Sideshow's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that the unauthorized products are

associated with, sponsored by, approved by, and/or originating from Sideshow when they are not.

37. Defendants had actual knowledge of Sideshow's ownership and prior use of the Sideshow Marks and have willfully violated 15 U.S.C. § 1114.

38. Defendants' infringing acts have caused and will continue to cause Sideshow to suffer irreparable injury to its reputation and goodwill. Sideshow does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition, 15 U.S.C. § 1125(a))

39. Sideshow refers to the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

40. Sideshow has been using the Sideshow Marks on and in connection with busts, statues, and figurines in interstate commerce since 1998 and has developed substantial goodwill in these marks in the entire United States as well as internationally, prior to Defendants' adoption and use of the Sideshow Marks in commerce.

41. Defendants' use of the Sideshow Marks in interstate commerce in competition against Sideshow is likely to cause mistake, and/or to deceive as to an affiliation, connection, or association of Defendants with Sideshow, and/or as to the origin, sponsorship, and/or approval by Sideshow of Defendants' goods or commercial activities related to Defendants' unauthorized products.

42. Defendants are therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused Sideshow irreparable harm by the infringement and Sideshow has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

43. Sideshow refers to the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

44. Sideshow owns common law trademark rights in the Sideshow Marks and all such rights owned by Sideshow are superior to any rights that the Defendants may claim to have.

45. Defendants' unauthorized use of the Sideshow Marks, in connection with the sale of busts, statutes, and figurines is likely to cause confusion as to the source or sponsorship of these goods, and likely to lead the public to believe that Sideshow is affiliated with or sponsors or endorses Defendants and/or Defendants' unauthorized products, and is likely to mislead persons in the ordinary course of purchasing Defendants' unauthorized products, and induce them to believe they are purchasing genuine goods of Sideshow thereby injuring Sideshow's reputation and goodwill and unjustly diverting from Sideshow to Defendants the benefits arising therefrom.

46. Defendants' acts of trademark infringement are continuing to be committed willfully, knowingly, intentionally, and in bad faith.

47. Defendants' acts of trademark infringement will continue to cause Sideshow irreparable damage, loss, and injury for which Sideshow has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition, Cal. Bus. & Prof. Code § 17200)**

48. Sideshow refers to the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

49. As set forth above, Defendants have engaged in unlawful business acts or practices, including trademark infringement, in an effort to gain unfair competitive advantage by trading on Sideshow's efforts and reputation.

50. Defendants' acts and conduct constitute unlawful competition as defined by California Bus. & Prof. Code § 17200 *et seq*.

51. In light of Defendants' conduct, it would be inequitable to allow Defendants to retain the benefit of any funds obtained through their unauthorized and unlawful use of the Sideshow Marks

52. As a result of Defendants' unfair competition, Sideshow has suffered damages through lost sales, lost profits, as well as the continuing damage to Sideshow's business, goodwill, and reputation. Sideshow has suffered and continues to suffer immediate and irreparable injury for which there is no adequate remedy at law, and unless Defendants are enjoined from such unfair competition, Sideshow will continue to suffer irreparable injury. Sideshow is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Sideshow prays for an award against Defendants as follows:

1. That an accounting be made for all profits, income, receipts, or other benefits derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Sideshow's trademarks;

2. For actual damages and disgorgement of all profits derived by Defendants from their acts of trademark infringement, and for all damages suffered by Sideshow by reasons of Defendants' acts;

3. For treble damages;

4. For the Court to award Sideshow its reasonable costs, expenses and attorney's fees pursuant to the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*;

5. For preliminary and permanent injunctions restraining and enjoining Defendants, and all persons acting in concert with them, from copying the Sideshow Mark or further distributing, displaying, or selling infringing products based thereon;

6. For preliminary and permanent injunctions requiring that Defendants to provide Sideshow all unauthorized products in their possession, custody, or control;

7. For pre-judgment and post-judgment interest at the maximum extent allowed by law;

8. For such other and further relief as the Court may deem just and proper.

Dated: June 4, 2025

NOLAN HEIMANN LLP

By: _____/s/ Jordan Susman_____
Jordan Susman
Jane Davidson
Attorneys for Plaintiff, Sideshow, Inc.

COMPLAINT

## DEMAND FOR JURY TRIAL

Sideshow hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: June 4, 2025

NOLAN HEIMANN LLP

By: _____*/s/ Jordan Susman*_____
    Jordan Susman
    Jane Davidson
    Attorneys for Plaintiff, Sideshow, Inc.