JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SIDESHOW, INC., a Delaware corporation,

Plaintiff,

v.

TIC MANUFACTURING GROUP, LLC, a California limited liability company; HIROSHI "CHARLES" TANGE, an individual doing business as TIC MANUFACTURING GROUP; and DOES 1 through 10, inclusive,

Defendants.

Case No. 5:25-cv-01397-JGB-SP

Hon. Jesus G. Bernal

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

The Court, having considered the Joint Stipulation for Entry of Consent Judgment and Permanent Injunction filed by Plaintiff Sideshow, Inc. ("Sideshow") and Defendant Hiroshi "Charles" Tange ("Tange"), and good cause appearing, HEREBY ORDERS, ADJUDGES, AND DECREES as follows:

1. **Jurisdiction and Venue.** This Court has subject matter jurisdiction over this action under 15 U.S.C. section 1121 and 28 U.S.C. sections 1331, 1338, and 1367. Tange consents to the personal jurisdiction of this Court for purposes of this Judgment and its enforcement. Venue is proper in this District.

2. **Entry by Consent; No Admission.** This Judgment is entered by consent of Sideshow and Tange, without trial or adjudication of any issue of fact or law, and without any admission by Tange of liability, infringement, willfulness, bad faith, or the truth of any allegation of the Complaint. Nothing in this Judgment is a finding or admission that Tange did business as, is the alter ego of, or shares a unity of interest with Defendant TIC Manufacturing Group, LLC ("TIC"). This Judgment shall not be offered or used as evidence of liability or as an admission in any other action or proceeding, except in a proceeding to enforce this Judgment or the parties' settlement agreement.

3. **Definitions.** For purposes of this Judgment:

(a) "Sideshow Marks" means the trademarks identified in the Complaint, including SIDESHOW and SIDESHOW COLLECTIBLES, United States Trademark Registration Nos. 87188578 and 78445670, together with any other trademark,

service mark, trade name, logo, or trade dress that Sideshow owns, whether registered or unregistered.

(b) "Sideshow Products" means any statue, figure, bust, diorama, prop replica, art print, collectible, packaging, or other product or merchandise of any kind that (i) was manufactured, produced, licensed, or distributed by or for Sideshow or any of its licensees; (ii) bears, displays, or is marketed by reference to any Sideshow Mark; or (iii) is a copy, replica, reproduction, prototype, sample, pre-production piece, overrun, second, factory reject, or unauthorized version of any of the foregoing, in each case whether genuine or not, whether finished or unfinished, and whether now existing or created or acquired in the future.

4. **Permanent Injunction.** Tange, and his agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them and who receive actual notice of this Judgment by personal service or otherwise, are PERMANENTLY ENJOINED from, directly or indirectly, whether personally or through any family member, agent, employee, entity, online account, marketplace, consignee, broker, or other intermediary, anywhere in the world:

(a) selling, offering for sale, advertising, listing, marketing, consigning, brokering, auctioning, trading, bartering, distributing, or otherwise transferring for value any Sideshow Product, whether genuine or not;

(b) transferring any Sideshow Product to any person for the purpose of, or with knowledge that the person intends, resale;

(c) acquiring any Sideshow Product for the purpose of resale;

(d) manufacturing, causing to be manufactured, importing, or exporting any product bearing any Sideshow Mark or any copy, replica, or reproduction of any Sideshow Product;

(e) using any Sideshow Mark, or any mark confusingly similar to any Sideshow Mark, in commerce, including in any domain name, seller name, store name, social media account, or online listing;

(f) assisting, enabling, financing, supplying, or acting in concert with any other person or entity in doing any of the acts described in subparagraphs (a) through (e); or

(g) representing that Tange, or any business with which he is associated, is affiliated with, sponsored by, or authorized by Sideshow.

5. **Personal Use.** Nothing in Paragraph 4 prohibits Tange from owning, or acquiring at retail, Sideshow Products solely for his personal, non-commercial use and display, provided that he does not sell, offer for sale, or transfer any such item to any person for value or for resale.

Docusign Envelope ID: A9524198-BD82-8ECA-81D6-5331662898A4


6. **Turnover.** Tange has delivered to Sideshow all Sideshow Products, and all molds, tooling, casts, masters, packaging, and marketing materials for Sideshow Products, in his possession, custody, or control, and has so certified under penalty of perjury. If Tange later discovers any such item in his possession, custody, or control, he shall notify Sideshow's counsel in writing within ten (10) days and deliver the item to Sideshow, at his expense, within fifteen (15) days after discovery. Compliance with this Paragraph shall not constitute a violation of Paragraph 4.

7. **Bargained-For Scope.** The parties have stipulated, and the Court finds, that the injunctive relief in this Judgment is entered by consent as a term of the parties' settlement, is supported by the consideration exchanged in that settlement, and may extend beyond the relief that could have been awarded after trial. Tange has agreed to this relief voluntarily and with the advice of counsel.

8. **Duration and Binding Effect.** The injunction in Paragraph 4 is permanent. It binds Tange and his heirs, successors, and assigns, and the persons described in Federal Rule of Civil Procedure 65(d)(2), and survives any future change in Tange's residence, business, or affiliations.

9. **Dismissal of TIC.** Pursuant to the Joint Stipulation and Federal Rule of Civil Procedure 41(a), all claims asserted by Sideshow against Defendant TIC Manufacturing Group, LLC are DISMISSED WITH PREJUDICE.

10. **Resolution of All Claims.** This Judgment, together with the dismissal in Paragraph 9, resolves all claims in this action. Sideshow shall take nothing further from Tange in this action. Each party shall bear its own attorneys' fees and costs.

11. **Retention of Jurisdiction.** The Court retains jurisdiction over the parties and the subject matter of this action to enforce this Judgment and the parties' settlement agreement, and to resolve any dispute arising under either of them.

12. **Final Judgment.** This is a final judgment. The Clerk is directed to enter this Judgment forthwith.

IT IS SO ORDERED.

Dated: November 24, 2026

Hon. Jesus G. Bernal
United States District Judge